Curran, Dennis J., J.
The defendants, XS Micro, Daniel Vasseur, Joseph Bilotta, and Brandon Bilotta, have moved to dismiss all claims for lack of personal jurisdiction under Mass.R.Civ.P. 12(b)(2). 
After a hearing, and for the reasons that follow, the defendants’ motion must be DENIED.
In determining whether the plaintiffs have made a prima facie jurisdictional showing, the court draws factual allegations in the pleadings as true, and construes disputed facts in the light most favorable to the non-moving party (here, the plaintiff).
Factual Background
The record reveals the following facts.
Victor Edozien lives in Natick, Massachusetts where he serves as President of the Asaba Group, Inc. The defendant XS Micro is a limited liability company based in Brea, California which specializes in the sale, brokerage, and distribution of electronic components. Mr. J. Bilotta is the Chief Executive Officer of EO of XS Micro, and lives in California. Messrs. Vasseur and B. Bilotta are employed by XS Micro and also live in California. In June 2012, XS Micro entered into a contract with Quality Networks, Inc. for the sale of automotive-related products. Mr. Edozien is a shareholder in Quality Networks which is based in Wetumpka, Alabama.
The defendants allege that Quality Networks defaulted on its payment obligations beginning with its very first payment.[1] After Quality Networks defaulted on its payments, the defendants hired a collection agency, which in turn hired a private investigator. Mr. Edozien alleges that the defendants subsequently embarked on a “campaign of harassment,” and that since June 2012, they and their agents have repeatedly called and emailed Mr. Edozien in Massachusetts. In these calls and emails, the defendants allegedly threaten to contact Mr. Edozien’s business associates to try to ruin him financially. They have posted on a consumer report website, wwwripoffreport.com, that Mr. Edozien, the Asaba Group of Natick, Massachusetts, and Quality Networks “DO NOT pay their debts” and urged consumers not to deal with “any ofthe[m]."
DISCUSSION
A Massachusetts court may exercise personal jurisdiction over a non-resident defendant only if the jurisdiction is authorized by the Massachusetts Long-Arm statute, G.L.c. 223A, §3, and its exercise would not offend the due process clause of the 14th Amendment. Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 204 (1st Cir. 1994). As an initial matter, the court may attribute the actions of the private investigator and the individual defendants to the group as a whole. See Colder v. Jones, 465 U.S. 783, 790 (1984); Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 55 (1st Cit. 2002). For purposes of finding personal jurisdiction, the actions of agents may be attributed to the principal, whether or not initially authorized, if the conduct was later ratified by the principal. Daynard, 290 F.3d at 55. The defendants ratified the conduct of the private investigator when they used the information gained by the private investigator in their posting of derogatory information on ripoffreport.com. See id. Furthermore, it is not necessary to attribute specific actions to each defendant individually as long as they were all “primary participants” in the alleged harassment. See Calder, 465 U.S. at 790.
A. The Massachusetts Long-Arm Statute Authorizes Personal Jurisdiction over Defendants
The Massachusetts Long-Arm statute authorizes courts to exercise jurisdiction over non-resident defendants when the defendants have caused “tortious injury by an act of omission in this commonwealth.” G.L.c. 223A, §3(c). The federal district court of Massachusetts has held that posting defamatory material on the internet constitutes an in-forum act for purposes of the statute, if it is purposefully directed towards a Massachusetts resident and intended to cause harm in Massachusetts. Digital Equipment Corp. v. AltaVista Technology, Inc., 960 F.Sup. 456, 466-67 (D.Mass. 1997). The issue of whether an act is “purposefully directed at the state and intended to cause injury there” is also addressed constitutionally in Abiomed, *22 Inc. v. Turnbull, 379 F.Sup.2d 90, 93 (D.Mass. 2005). Since the Supreme Judicial Court has consistently held that the Massachusetts Long-Arm statute extends to the limits allowed by the Constitution, the court may proceed directly to the due process analysis and assume that if due process is satisfied, so too, is the Long-Arm Statute. See Abiomed, 379 F.Sup. at 93; “Automatic" Sprinkler Corp. of Am. v. Seneca Foods Corp., 361 Mass. 411, 433 (1972).
B. The Due Process Clause Allows Jurisdiction over the Defendants
A court may exercise jurisdiction over a nonresident defendant only if the exercise of jurisdiction is consistent with the due process clause of the 14th Amendment such that “the maintenance of the suit does not offend traditional notions of fair play and substantial justice.” Int’l Shoe Co. v. State of Wash. Office of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945). The United States Supreme Court has held that due process therefore requires certain “minimum contacts” between the defendant and the forum state. See id. In the First Circuit, courts employ a three-part test to determine whether the constitutionally-required “minimum contacts” exist between the defendant and the forum state; (1) the claims must directly relate to the defendant’s in-state activities; (2) the defendant’s in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state; and (3) the exercise of jurisdiction must be reasonable in light of the Gestalt factors. Abiomed, 379 F.Sup.2d at 94.
i.Relatedness
The “relatedness” inquiry for tort claims focuses on whether the defendants’ in-forum conduct caused the injury. United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 622 (1st Cir. 2001). Mr. Edozien contends that he suffered an injury to his professional reputation in Massachusetts as a direct result of the defendants’ posting on ripoffreport.com, which counts as an in-forum act. See id.; Digital Equipment Corp., 960 F.Sup. at 466-67. He also contends that he sustained psychological injuries that directly resulted from the defendants’ telephone calls and emails to him in Massachusetts. See Swiss Am. Bank, 274 F.3d at 622. The telephone calls, emails, and website posting are sufficiently related to those injuries to satisfy the first prong of the due process analysis. See id.
ii.Purposeful Availment
In the context of a defamation suit, this is the crux of the due process analysis. Noonan v. Winston Co., 135 F.3d 85, 90 (1st Cir. 1998). In this effort, we are guided by the reasoning set forth by the Supreme Court in Colder v. Jones, 465 U.S. 783 (1984). The Court held that exercising jurisdiction over non-resident defendants requires that (1) the defendant’s actions were aimed at the forum state, (2) knowing that they would have a devastating impact on the plaintiff, and (3) the brunt of the injury would be felt in the forum state. See Colder, 465 U.S. at 789-90. This test focuses on the voluntariness of the contact and the foreseeability of the present action. See Colder, 465 U.S. at 789-90. The contacts with the forum state must be more than “random” and “fortuitous.” WorldWide Volkswagen v. Woodson, 444 U.S. 286, 295 (1980).
There are ample allegations here to establish personal jurisdiction over the defendants based on their purposeful contact with Massachusetts. See Taylor v. Taylor, MICV2013-01222, slip op., doc. num. 15 at *2 (Mass.Super.Ct. September 27, 2013) (J. Krupp) [31 Mass. L. Rptr. 526]. The posting on www.ripoffreport.com was plainly aimed at Massachusetts. See id. It referred to an individual resident of Massachusetts and his Massachusetts-based company. See id. The defendants also likely knew (or should have known) that their website posting could have a devastating impact on Mr. Edozien’s business reputation in Massachusetts. See Colder, 465 U.S. at 789-90. Under the circumstances, the defendants must have reasonably anticipated being brought into court in Massachusetts. See id. at 784.
iii.Reasonableness in Light of Gestalt Factors
Five factors are to be examined to bear upon the fairness of subjecting non-resident defendants to the authority of a foreign tribunal: (1) the defendant’s burden of appearing; (2) the forum state’s interest in adjudicating the dispute; (3) the plaintiffs interest in obtaining convenient and effective relief; (4) the judicial system’s interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985); Sawtelle v. Farrell, 70 F.3d 1381, 1391 (1st Cir. 1995).
The First Circuit requires that the burden to the defendants be “special” or “unusual” before it violates the defendants’ due process protections. See Sawtelle, 70 F.3d at 1395. While appearing in Massachusetts might pose a burden for the defendants, it would hardly be “special” or “unusual.” See Sawtelle, 70 F.3d at 1395. XS Micro operates a national business with contracts in Alabama, Arizona, Kentucky, and California, sending products all over the country. It already subjects itself to the courts of many different states. Requiring XS Micro to defend a suit in Massachusetts would not impose an “unusual” burden. See J. McIntyre Mach. Ltd. v. Nicastro, 564 U.S._(2011) (plurality opinion); Sawtelle, 70 F.3d at 1395. When balanced against Mr. Edozien’s interest in obtaining convenient and effective relief in Massachusetts, the burden on XS Micro of appearing in Massachusetts is reasonable under the circumstances. See Sawtelle, 70 F.3d at 1395.
Furthermore, Massachusetts’s interest in adjudicating the dispute along with the judicial system’s interest in obtaining the most effective resolution of *23 the controversy cut in favor of exercising personal jurisdiction over the defendants. See Burger King, 471 U.S. at 477. Massachusetts courts should apply Massachusetts law. See Digital Equip. Corp., 960 F.Sup. at 471 (applying Massachusetts contract law). Mr. Edozien is suing under G.L.c. 93A and the common-law torts of defamation and intentional infliction of emotional distress. In the totality of the circumstances, exercising personal jurisdiction over the defendants is reasonable in light of the Gestalt factors. See Burger King, 471 U.S. at 477.
ORDER
For these reasons, the defendants’ motion to dismiss the complaint for lack of personal jurisdiction is DENIED.

The parties dispute whether Mr. Edozien is personally liable for the debt of Quality Networks, but it is unnecessaiy to resolve that issue at this procedural juncture.